## HECHT *v.* HECHT ET AL.

## APPEAL from the District Court of San Juan.

### No. 60.—Decided April 5, 1907.

APPEAL—NOTICE OF APPEAL—SERVICE OF NOTICE.—Where it appears from the record that the notice of appeal was filed in due time and served on the opposite party within the period allowed therefor and no evidence appearing to show the contrary, the appeal should not be dismissed on the ground that it was taken out of time:

CITATION—APPEARANCE OF PARTY—JURISDICTION.—Voluntary appearance by a party is equivalent to service of personal notice by the delivery of a copy of the complaint, and from the moment of such appearance the court acquires jurisdiction of the parties, all subsequent proceedings being submitted thereto.

HEIRS—PARTITION OF INHERITANCE—PROPERTIES BELONGING TO INHERITANCE SITUATED IN A FOREIGN COUNTRY—JURISDICTION.—The defendants in this case having submitted to the jurisdiction of the District Court of San Juan, their situation with respect to the proceeding is the same as that of the heirs of a citizen of Porto Rico dying in a foreign country and leaving property, both real and personal, situated in this Island and in a foreign country, and under these circumstances the jurisdiction of the district court to order the liquidation and partition of all the properties constituting the hereditary estate cannot be attacked, because the rights of an heir cannot be defined and determined by taking into account only the property situated in Porto Rico to the exclusion of that situated in a foreign land, thus dividing the whole to the prejudice of his rights.

ID.—TESTAMENTARY TRANSACTIONS—LAWS OF THE COUNTRY IN WHICH PART OF THE PROPERTY IS SITUATED.—The appellate court sustains the opinion of the trial court to the effect that real property belonging to the inheritance being situated in a foreign country wherever necessary the laws of the country in which such property is situated should be applied in conducting the testamentary proceedings; and if such laws prohibit the acquisition of real estate by a foreigner or limit the extent of such acquisition, those laws must be respected, because the jurisdiction of the courts of one state cannot affect the real property situated in another.

ID.—The principle referred to in the foregoing paragraph does not imply a want of jurisdiction in the inferior court to direct that in determining and fixing the rights of one of the heirs the total or whole of the properties left by the predecessor in interest be taken into account, because in so doing it did not specify that certain real properties be awarded to the plaintiff, and the action of the court, therefore, does not affect any definite or specific property situated in a foreign country, because the establishment or determination of hereditary rights does not necessarily involve possession or ownership of specific properties; but it is the distribution of the property of the deceased which comprises or includes the whole of the estate left by him.

ID.—PROCEEDINGS OF FOREIGN COURTS.—The courts of the foreign country in which a part of an inheritance may be situated having jurisdiction thereof,

the legal effects of the proceedings had before them must be respected, and the courts of Porto Rico cannot take action contrary thereto; the interested parties may, however, appeal from their decisions and exercise such rights as they may be entitled to exercise in whatever manner they may deem proper.

The facts are stated in the opinion.

*Messrs. Acuña & Méndez* for appellants.

*Mr. López Landrón* for respondent.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

Felipe Hecht, a native of San Juan, Porto Rico, and his wife, Elisa Racine, a native of the Canton of Neufchatel, in the Republic of Switzerland, made joint wills in the said city of San Juan on August 25, 1860, May 22, 1863, and May 16, 1885, the last will containing a clause revoking all former wills.

In the will of May 16, 1885, the testators declared that they were residents of the city of Geneva, in the said Republic, and were married, having had four children named Teresa, Juan, María, and Enriqueta, whom they constituted their sole and universal heirs. Felipe acknowledged Margarita Hecht as his natural daughter, leaving her as an allowance for her support a legacy of $15 per month; he acknowledged in favor of his wife a marriage contribution of 40,000 francs, derived from property which she had inherited from her deceased parents. Both stated that a house situated on Fortaleza Street in this city belonged to the wife, and two houses, one on San Justo Street and the other in the city of Geneva, to the husband, and that the other personal property and credits left at the time of their death belonged to both jointly.

Felipe Hecht died on October 14, 1904, in the city of Geneva leaving a will executed in this city of San Juan on May 16, 1885.

On March 22, 1905, Margarita Hecht, represented by Attorneys Rafael López Landrón and Ricardo Lacosta, filed a sworn complaint in the District Court of San Juan, in which she alleged, in addition to setting forth the facts

stated that the three wills mentioned deprived her of her legal portion as an acknowleged natural child of Felipe Hecht who under the law is on the same footing as the legal heirs; that said wills declared marriage contributions by Elisa Racine which were absolutely groundless; and that the widow and legitimate children of Felipe had been enjoying the products of the hereditary property since the date of the death of the latter without giving her any participation therein, or rendering any accounting; for which reasons she was compelled to bring an action against them, and she prayed for judgment as follows:

First. Setting aside the three wills mentioned, and all proceedings had for the execution thereof.

Second. The delivery to the plaintiff of the forced legal portion provided for in sections 904, 905, and 906 of the Civil Code in force on October 14, 1904, when Felipe Hecht died.

Third. The rendition of a detailed account of all the property left by Felipe Hecht, and of its products from the date of his death.

Fourth. Liquidation and partition by public sale of all the personal and real property of the estate, situated in Switzerland and in this Island, for the purpose of facilitating its division.

Fifth. Indemnity to the plaintiff for damages, and the costs and expenses incurred.

The defendants made a sworn answer through their attorneys, Acuña & Méndez, alleging that Felipe Hecht had made the wills aforementioned with all the formalities required by the laws in force on the date they were made; that there was no question of the fact that Felipe Hecht had died in Geneva on October 14, 1904; that the marriage contributions of 40,000 francs by Elisa Racine was true; and that Francisco de Paula Acuña, as the attorney in fact of the defendants, had had a number of conferences with José Julian Ahedo, the husband of the plaintiff, and at these conferences he expressed to him in a clear and definite manner the pur-

pose of the defendants to recognize the rights of the plaintiff, as the natural daughter of Felipe Hecht, under the present Revised Civil Code in force to a legal portion, in lieu of the legacy for support which her father had allowed her in his last will.

The defendants added in the nature of a counterclaim, that the hereditary rights of Elisa Racine from her husband should be recognized and regulated in accordance with the provisions of the Revised Civil Code, in the same manner as the defendants recognized the rights of the plaintiff to the legal portion, absolutely apart from the last will, and in harmony with the laws in force in this Island.

In consideration of the allegations made, the defendants prayed:

First. That it be held that the will of Felipe Hecht made on May 16, 1885, revoking the previous wills, should not be set aside, without prejudice to recognizing in the plaintiff, at the time of making the partition of the estate, as a natural daughter her rights of legitimate succession in accordance with the provisions of the Civil Code in force, in substitution of the legacy for support allowed her in said will.

Second. That the marriage contribution of 40,000 francs stated in the will to have been made by the defendant, Teresa Racine, be held to be valid and effective.

Third. That a rendition of accounts be ordered and delivery of products in accordance with the share due the plaintiff, the defendant agreeing thereto.

Fourth. That the property constituting the estate be divided in accordance with the procedure established in the act relating to special proceedings, approved March 9, 1905.

Fifth. That the share of the widow, Elisa Racine, be fixed and settled in accordance with the provisions of the Civil Code in force.

Sixth. That the costs of the proceedings be taxed against the plaintiff.

Margarita Hecht filed a replication to the answer to the complaint and contested the counterclaim, alleging that the firm of Acuña & Mendez did not have the proper instructions to acknowledge, deny, or supplement, in the name of the defendants, the facts alleged in the complaint; that the wills had not been made in accordance with the substantive law; that the wills being void Elisa Racine had no other hereditary rights than those pertaining to an intestate succession; and that the marriage contribution of 40,000 francs by Elisa Racine was not true, and had been made with the intention of prejudicig Margarita Hecht, the acknowledged natural daughter.

For the reasons stated, the plaintiff prayed for the dismissal of the answer to the complaint, as well as the counterclaim, and that judgment be rendered as prayed for in the complaint.

The defendants, invoking sections 139 and 140 of the Code of Civil Procedure, amended the answer to the complaint, and also the counterclaim, in the sense that the answer and the counterclaim be confined solely and exclusively, as to their effects, to the property in Porto Rico, because the San. Juan court lacked jurisdiction of the property in Geneva; and as a consequence of such amendment, they also prayed that the prayer in the answer should be considered amended in the sense that the partition to which they agreed should be confined to the property in Porto Rico.

Margarita Hecht, the plaintiff, contested the foregoing amendment on the ground that the defendants, by answering the complaint, had submitted freely and voluntarily, without any reservation, to the jurisdiction of the San Juan court for the cognizance and determination of the litigation which involves the form and manner of liquidating the hereditary estate of Felipe Hecht as a whole, as it cannot be divided under the pretext of a change from the jurisdiction which has already been accepted by both parties, without prejudice to the international courtesies which must be observed in a

proper case; adding, furthermore, that Felipe Hecht, a
native of Porto Rico, had not renounced his citizenship; that
all of his children, also born in the Island, retain it, and that
the marriage, the contributions to which are the subject of
liquidation in these proceedings, was celebrated in Porto
Rico according to its laws.

The San Juan court, after holding the trial, rendered
judgment on March 31, 1906, reading as follows:

"*Judgment.*—This cause was called for trial on December 18,
1905, in its regular order, and both parties appeared and announced
that they were prepared for trial.

"Thereupon the plaintiff and the defendant made their allegations
and in the same order presented their evidence, which was heard,
and made their oral arguments.

"And the court, after having heard the pleadings, the evidence,
and the arguments, rendered the following judgment:

"First. That the wills made by Felipe Hecht on August 25, 1860,
and May 22, 1863, before Notaries Camuñas and Jimenez, respectively,
should not be set aside, because a declaration to that effect was
absolutely unnecessary in view of the fact that the testator himself had
revoked and annulled them by a subsequent will of May 16, 1885,
executed before Notary Guerra.

"Second. That the annulment of said will of May 16, 1885, exe-
cuted before Notary Guerra, does not lie either, because the court
holds, in view of the evidence, that the marriage contribution of
40,000 francs made by the wife of the testator, Felipe Hecht, was
actually made, and that said will should be complied with and its
clauses harmonized with the law in force at the time of the death
of the testator—that is to say, on or about October 14, 1904; and,

"Third. That the defendants—that is to say, Elisa Racine and
Teresa, Juana, María, and Enriqueta Hecht y Racine—should be
adjudged, as they are adjudged, recognizing in the plaintiff the char-
acter of heirs by force of law, a natural daughter acknowledged in
accordance with the civil law in force on October 14, 1904, which shall
also be applied to all the other coheirs, after an inventory, appraise-
ment, partition and adjudication of all the property of the estate, to
deliver to her the share to which she may be entitled and, further-
more, that they render her a detailed account, supported by vouchers,
of the movement of the hereditary estate from the date of the death
of the testator to the date the case may be closed, and deliver to her

the share of the products to which she may be entitled. And as in this case real property belonging to the estate situated in a foreign country is involved, the laws of the country in which such property may be situated shall be applied in so far as necessary.

"And as a large part of what is prayed for in the complaint is denied in the judgment, and as the defendants have to a certain extent acquiesced in which is granted in the judgment, the court holds that each party pay their own costs in these proceedings.

"And it is ordered that execution issue for the satisfaction of this judgment, which will be entered in the judgment book of this court.

"Pronounced in open court this 30th day of March, 1906.

"Entered this 31st day of March, 1906."

Counsel for the defendants moved for a new trial on the ground that the final judgment rendered is contrary to law and, after a hearing on said motion, it was overruled by order of March 31, 1906.

From this order counsel for the defendants took an appeal without taking any appeal from the judgment, and it is noted that counsel for the appellant prays in his brief in this court that the appeal be allowed and that the judgment appealed from set aside in so far as it extends to the property situated in Geneva, and that it be held to be limited as to its effects to the property situated in this Island only, while the respondent prays for the dismissal of the appeal *eo instanti* for the reason that it has not come in proper form, and that otherwise the judgment appealed from be affirmed in every respect.

In the first place, we must consider the preliminary question raised by counsel for the respondent in praying, first, for the dismissal of the appeal *eo instanti* on account of not having come in the proper form, to which end he alleges that the appeal taken by the defendants from the decision of May 31, 1906, denying a new trial, was not taken within the term of 10 days, as required by subdivision 3 of section 295 of the Code of Civil Procedure, because the notice of such appeal was not served upon the plaintiff until the following 15th of June, when said term had already expired; and,

furthermore, that it has not been abandoned because in the brief setting forth the grounds of the appeal counsel for the defendants does not say anything against the order denying the new trial, but only against the final judgment rendered.

It appears from the record that the notice of appeal from the order of May 31, 1906, was entered in the office of the secretary of the court of San Juan on the 9th of June following, and against the statement made by the respondent, that he had not received notice of the appeal until the 15th of said month of June, the record contains the sworn statement of counsel for the appellant, Eduardo Acuña, to the effect that on the said 9th day of June he had sent a copy of the notice of appeal to Attorney Rafael López Landrón by a messenger, who had delivered said copy to a lady, with the request that she have it reach the addressee who was absent in Guayama at the time, and because his clerk, García de Quevedo, was not in his office; but the latter was informed on the same day by the deponent of what had occurred and was asked to get said copy and sign the original which had already been filed in the office of the secretary, which García de Quevedo promised to do; notwithstanding which he again sent a copy of the notice to López Landrón on the 15th of said month of June, upon receiving a telephone message that the copy referred to could not be found in his office.

In view of this sworn statement, which has not been controverted by any evidence to the contrary, and that the notice of appeal was filed in the office of the secretary on June 9, 1906, we are of the opinion that the appeal should not be dismissed on the ground of having been taken out of time. Nor can it be held to have been abandoned, as alleged by the respondent, because although the tendency of the reasons alleged in the brief is to obtain a reversal of the final judgment, from which no appeal was taken, the same reasons were alleged in support of the application for a new trial, and the judgment would necesarily have to be reversed if this court granted said application.

Counsel for the defendants, now the appellants, applied for a new trial on the ground that the third declaration of the judgment was contrary to law in so far as it adjudged the defendants, after making an inventory, appraisement, partition and adjudication of all the property of the estate of Felipe Hecht, to deliver to the plaintiff the share due her as an heir of the testator by force of law, holding that personal as well as real property situated in a foreign country formed part of the estate, and part of such property being subject to proceedings involving a judicial sale, of which proceedings a civil court of Geneva is taking cognizance under its own jurisdiction, the San Juan court had committed an error of law in assuming jurisdiction over such property; which jurisdiction it is alleged the defendants specifically declined to recognize, nor could it be acquired by express or implied submission.

We do not know, because the record does not show it, the form in which the defendants were summoned for trial, but their voluntary appearance, through their attorneys, Acuña & Méndez, is equivalent to personal service of summons and a copy of the complaint upon them; and from that moment the San Juan court acquired jurisdiction of the parties and control of all the subsequent proceedings according to section 98 of the Code of Civil Procedure, which reads as follows:

"From the time of the service of the summons and of a copy of the complaint in a civil action, where service of a copy of the complaint is required, or of the completion of the publication when service by publication is ordered, the court is deemed to have acquired jurisdiction of the parties and to have control of all the subsequent proceedings. The voluntary appearance of a defendant is equivalent to personal service of the summons and copy of the complaint upon him."

The defendants having submitted to the jurisdiction of the San Juan court, their condition with reference to the proceedings must be placed on the same footing as that of the

heirs of a Porto Rican citizen, dying, as Felipe Hecht did, in a foreign country leaving personal and real property situated in this Island and abroad, and in view of this analogy of conditions it appears to us that the question raised in the amended answer to the complaint and in the motion for a new trial on the ground of lack of jurisdiction of the San Juan court to extend the legal effects of its judgment to property situated in Switzerland, must be decided as if the division of an estate of a Porto Rican who had died in a foreign country leaving property therein and in this Island were involved; and as we could not maintain that proceedings for the partition of an estate against the heirs of a Porto Rican citizen do not lie when the latter has left property in this and in a foreign country, so we cannot affirm that such action does not lie in this case because Felipe Hecht left property in Switzerland and in Porto Rico.

A hereditary estate, whatever be the elements which go to make it up, constitutes a single whole, and it cannot be liquidated and divided by the inclusion therein of some property and the exclusion of others. The rights of the plaintiff, Margarita Hecht, in said estate cannot be defined and determined by considering solely the hereditary property in Porto Rico and excluding that situated abroad, because in this way the unity of the matter would be divided to the prejudice of her rights.

No evidence whatsoever was presented at the trial as to the laws in force in Switzerland with reference to the transmission to foreigners by inheritance of property therein situated, nor as to the proceedings to which such property in cases like the one under consideration are subject, or should be subject; but this omission, whatever be its importance, cannot prejudice the rights of Margarita Hecht in the property of her deceased father as a whole.

The ruling of the District Court of San Juan in its judgment to the effect that real property belonging to the estate situated in a foreign country being involved, the laws of the

country in which such property is situated must be applied
to the testamentary proceedings in so far as necessary,
appears to us to be acceptable. If the laws of Switzerland
prohibit the acquisition by a foreigner of property therein
situated, or limits the extent of the acquisition, we speak
upon a mere hypothesis, such laws must be respected, as it
is a general principle of private international law based on
the conception of the sovereignty of a State, whatever the
latter be, that the jurisdiction of the courts of another State
cannot affect real' property situated in the former. How-
ever, this principle does not imply lack of jurisdiction in the
trial court to order that in determining the hereditary rights
of Margarita Hecht, all the property left by her deceased
father be taken into consideration as a whole, because in so
doing it does not order that specific real property be adjudi-
cated to the plaintiff, and its action, therefore, does not
extend in a specific manner to property situated in a foreign
country. This case does not involve a question of the pos-
session or ownership of real property, but the distribution of
the estate of Felipe Hecht, which comprises the whole of
the property left by him at the time of his death.

Furthermore, as it was established at the trial that there
were received through the consul of Germany in this city
two letters rogatory for the citation of Julian Ahedo on
behalf of his wife, the plaintiff, to appear in the civil court
of Geneva in proceedings relating to the sale of property
belonging to Felipe Hecht, the deceased, we are of the opin-
ion that said court having original jurisdiction, which cannot
be interfered with or limited by the action of foreign courts,
the legal effects of the proceedings had or which may be
pending therein relating to the real or personal property of
Felipe Hecht, must be respected; and therefore the courts of
Porto Rico cannot act in contravention thereof, Margarita
Hecht being the one who, if she believes herself aggrieved,
may assert her rights in the proper manner in a court of com-
petent jurisdiction.

Let it not be understood that by this doctrine the hereditary rights of Margarita Hecht are curtailed, because the defendants under the third declaration of the judgment, which in this respect has not been contested, are obliged to render her a detailed account supported by vouchers of the conduct of the business of the hereditary estate, and consequently of the property subject to proceedings pending in the civil court of Geneva.

For the reasons stated, we believe that the order appealed from should be affirmed, and consequently the judgment rendered in the action should remain effective, with the addition that the orders made, or which may be made, in the judicial proceedings prosecuted in the Canton of Geneva with reference to the personal or real property of Felipe Hecht therein situated cannot be affected by said judgment, without prejudice to the right of the parties interested to contest them in a court of competent jurisdiction, with the costs in the ordinary form.

*Accordingly decided.*

Chief Justice Quiñones and Justice Figueras, MacLeary and Wolf concurred.